# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

HELSON PABON GONZALEZ,

                              Plaintiff,

        v.                                                    OPINION & ORDER

ALL C/O IS STAFF OF D.O.C. DEPT. OF WIS. WHO          18-cv-162-jdp
I MENTION IN PARTIES B. STATEMENT OF
CLAIM IN FIRST 1. QUESTION,

                              Defendants.

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. In this case, one of a series of lawsuits he has recently filed, he names as defendants a list of various staff members involved in a long series of events that appear to be unrelated to each other. Pabon Gonzalez has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Pabon Gonzalez's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Pabon Gonzalez's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

I will dismiss the complaint because it suffers from severe problems that violate the Federal Rules of Civil Procedure. It contains far too many different defendants—so many that he does not attempt to name them in the caption—for me to think that claims against them could belong in the same lawsuit. His allegations are also threadbare: he lists dozens of inmate grievances he has filed and then attaches almost 400 pages of documents. But neither the court

nor defendants must sift through a stack of documents to understand what the lawsuit is about. At most it appears that he has submitted a long list of unrelated events. This means that his complaint violates the Federal Rules of Civil Procedure in two ways: many of his allegations lack sufficient detail to tell what actions he believes violated his rights, and he seeks relief against different defendants about unrelated events. *See* Fed. R. Civ. P. 8 and 20.

I will give Pabon Gonzalez a short time to decide whether he wishes to continue pursuing this lawsuit. If he would like to continue, he must submit an amended complaint that sticks to *one* set of events and names as defendants the prison officials involved in violating his rights with regard to that set of events. If Pabon Gonzalez fails to submit an amended complaint by the deadline set below, I will dismiss the complaint for failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

This is similar guidance that I gave him in his first case in this court, *see* Dkt. 6 in case no. 16-cv-852-jdp, to which he responded by filing nine more cases over a period of 18 months. Pabon Gonzalez remains free to file more cases in this court, at least so long as he has not incurred three strikes under § 1915(g). But he will also incur the responsibility to pay a $350 filing fee for each case, so I encourage him to choose his lawsuits wisely. He has already racked up $3,500 in filing fees in this court, so he should consider filing new cases only if he believes that litigating a particular issue is worth incurring an additional filing fee.

Pabon Gonzalez has also filed a motion regarding his access to the court, Dkt. 10, and a motion for emergency injunctive relief, Dkt. 7. I will deny both motions. I have already considered similar motions regarding his access to the court in previous cases and concluded that he has had no problem filing materials here. In his motion for injunctive relief, he states that prison officials are harassing him by giving him false conduct reports. But I have not yet

allowed him to proceed on any claims in this case, and his allegations do not suggest any reason for the court to take the relatively drastic step of intervening in prison operations.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's complaint is DISMISSED under Federal Rules of Civil Rule of Procedure 8 and 20.

2. Plaintiff may have until September 19, 2018, to submit an amended complaint that complies with Rules 8 and 20.

3. Plaintiff's motion regarding access to the court, Dkt. 10, is DENIED.

4. Plaintiff's motion for injunctive relief, Dkt. 7, is DENIED.

Entered August 30, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge